IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN GRAYSON, <br><br> **Plaintiff,** <br><br> v. <br><br> LATOYA HUGHES, WEXFORD HEALTH SERVICES, INC., DAVID MITCHELL, WARDEN ATCHISON, DR. P. MYERS, DR. SHEPERD, CHRISTINE BROWN, M. LIVELY, NURSE SICK CALL JANE DOE, and JOHN/JANE DOE CHAIRPERSON, <br><br> **Defendants.** | Case No. 23-cv-2543-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff John Grayson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Grayson alleges Defendants were deliberately indifferent in the treatment of his shoulder pain, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Grayson makes the following allegations: Grayson has been suffering with pain in his shoulder since 2010. An x-ray from December 2010 revealed a high riding humerus, which could be associated with rotator cuff impingement syndrome (Doc. 1, pp. 11, 37). He continued to have pain in the years after his diagnosis.

In June 2022, Grayson began having pain in his left shoulder and right elbow, which he believed to be the result of a pulled muscle from weightlifting (*Id*. at p. 12). The pain worsened, and on June 14, 2022, he submitted a nurse sick call request. Jane Doe Nurse #1 failed to process his request to see a doctor and told Grayson he had to submit at least six requests before he could be seen by a doctor (*Id*.). On June 25, 2022, Jane Doe Nurse #1 refused to examine him and merely stated she would refer him to a doctor.

A month later, Grayson finally saw Dr. Meyers for his shoulder and elbow pain, but Dr. Meyers failed to examine him. Instead, Dr. Meyers reviewed Grayson's medical file, noted his history of shoulder pain, and informed Grayson that there was nothing that he could do for the pain, which was likely arthritis (*Id*. at pp. 12-13). Dr. Meyers noted that there were records he needed to review and rescheduled Grayson for another appointment (*Id*. at p. 13). Grayson requested x-rays and testing to determine if he had reinjured his previous shoulder tear, but Dr. Meyers refused the request.

On July 29, 2022, Grayson again saw Dr. Meyers, but he still did not have all the medical records and failed to examine Grayson's shoulder (*Id*.). Instead, Dr. Meyers submitted Grayson to physical therapy and ordered Naproxen for his pain. Grayson unsuccessfully requested further testing. He later learned that Dr. Meyers prescribed another pain medication, Volteren, which Grayson had previously informed Dr. Meyers was

2

ineffective in treating his pain (*Id.*). Despite filing emergency grievances regarding his lack of effective care, Dr. Meyers continued to deny Grayson medical treatment (*Id.*).

On July 17, 2023, Grayson was referred to Cross-Road Orthopedic Clinic for further examination (*Id.* at p. 15). After reviewing Grayson's prior x-rays and examining his shoulder, the doctor noted that Grayson needed surgery to repair his shoulder and scheduled an MRI for evaluation of his rotator cuff (*Id.* at p. 15).

## Preliminary Dismissals

In addition to his claim regarding the treatment of his shoulder injury, Grayson also seeks to raise a First and Fourteenth Amendment claim against officials at IDOC who are responsible for the grievance process. Grayson alleges that Warden Atchison, Warden David Mitchell, Christine Brown, Grievance Officer M. Lively, John/Jane Doe Administrative Review Board chairperson, and IDOC Director Latoya Hughes implemented a "draconian grievance policy" which stifled Grayson's attempts to exhaust his administrative remedies (*Id.* at p. 14). Specifically, Grayson alleges that the policies allowed staff to remove grievances from mail bags, dispose of grievances before being reviewed, and denying Grayson access to the grievance process (*Id.*).

Simply put, there are no due process rights or First Amendment protections associated with a prison grievance process. *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause...."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Nor can the named officials be liable for simply denying Grayson's grievances. *Owens*, 635 F.3d at 953 ("[T]he alleged mishandling

of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Further, neither the wardens nor the IDOC director can be liable merely as supervisors of the other defendants. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Thus, Grayson's claim regarding the grievance process is **DISMISSED without prejudice**.

Grayson also alleges that his original treatment in 2010 was inadequate. He alleges that he wrote grievances about his medical treatment in 2010 through 2011 and sought medical care during that time frame to no avail. He alleges that he sought medical care from Dr. Sheperd while at Menard Correctional Center (Doc. 1, pp. 3, 12). He fails to provide any allegations, however, related to the care he received from Dr. Sheperd. Even if Grayson stated a viable claim against Dr. Sheperd for treatment that he received in 2010 and 2011, it appears that such a claim would be barred by the two-year statute of limitations in Section 1983 cases. *See Johnson v. Rivera*, 272 F.3d 519, 521–22 (7th Cir. 2001). Thus, his claim against Dr. Sheperd for care he received in 2010-2011 is **DISMISSED without prejudice**.

## Discussion

Based on the remaining allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. Meyers and Jane Doe Nurse #1 for denying and delaying medical care for Grayson's shoulder and elbow.

**Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Services, Inc. for maintaining a policy or practice of understaffing the nursing staff and denying requests for outside care.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Grayson states a viable deliberate indifference claim against Dr. Meyers and Jane Doe Nurse #1. He alleges Jane Doe Nurse #1 failed to process his medical requests and refused the examine him, informing Grayson he would have to submit at least six requests to be seen by the doctor (Doc. 1, p. 12). As to Dr. Meyers, Grayson alleges that he delayed care for his injured shoulder and elbow, failed to submit him for outside care, and prescribed ineffective pain medication (*Id.*). That is enough to state a viable Eighth Amendment claim.

As to the claim against Wexford Health Services, Inc., Grayson alleges that Wexford had a "retention problem" with its nursing staff and advised doctors "not to send inmates to outside care." (*Id.* at p. 6). But Grayson only states in conclusory fashion that Wexford had a policy or practice regarding nursing staff and outside referrals. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("Such a private corporation cannot be held liable under [Section] 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself."). Further, there is no indication that his care was denied or delayed because of these policies or practices. Grayson alleges that he was seen by the nurse—she just refused to examine him or refer him to the doctor. He also alleges that he was referred for

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

outside care on two occasions because he received an x-ray and recently was seen by an orthopedic specialist. There are no allegations to suggest that Dr. Meyers refused an earlier request for outside care due to a policy or practice of Wexford (Doc. 1, p. 13). Thus, Grayson fails to state a claim against Wexford, and Count 2 is **DISMISSED without prejudice**.

Finally, to assist Grayson in identifying the Jane Doe Nurse who refused to provide him treatment in June 2022, the Court **ADDS** the current warden of Pinckneyville, David Mitchell (official capacity only), for the sole purpose of responding to discovery aimed at identifying the Jane Doe Nurse. All other official capacity claims are **DISMISSED without prejudice**.

## Pending Motions

As to Grayson's motion for counsel (Doc. 3), he alleges that he wrote fifteen law firms asking for representation, and the individual assisting him in filing his Complaint is set to be transferred. Given the early stage of the litigation process, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). The parties have yet to be served, and there is nothing pending that would require a response from Grayson. Thus, his motion for counsel is **DENIED**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Meyers and Jane Doe Nurse #1. Count 2 and all other claims against the remaining Defendants are **DISMISSED without prejudice**. David Mitchell (official capacity only) is **ADDED** to the case to respond to discovery aimed at identifying Jane Doe Nurse #1.

6

The Clerk of Court shall prepare for Defendants Dr. Meyers and David Mitchell (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Grayson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Grayson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. **Because Defendant Mitchell is in the case only to help identify Jane Doe #1, he is not required to file a responsive pleading. Once counsel has entered their appearance on Mitchell's behalf, the Court will enter a scheduling order setting forth guidelines and deadlines for identifying the unknown defendant.**

If judgment is rendered against Grayson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Grayson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 18, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**