IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN GRAYSON,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID MITCHELL, DR. PERCY MYERS, and JANE DOE #1,<br><br>    Defendants. | Case No. 23-cv-2543-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff John Grayson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Grayson alleges that Defendants Dr. Percy Myers and Jane Doe #1 were deliberately indifferent to his complaints of shoulder pain, in violation of the Eighth Amendment.

This matter is before the Court on Grayson's motion to grant medical hold transfer (Doc. 40). On March 1, 2024, Grayson filed a motion seeking a medical hold, preventing IDOC from transferring him until after he received his shoulder surgery. On April 2, 2024, Grayson filed a motion to withdraw his medical hold transfer (Doc. 50). Grayson indicated that he received his shoulder surgery on March 24, 2024, but he was transferred to Menard Correctional Center shortly after the surgery. In his response, Dr. Percy Myers acknowledged that Grayson was transferred to Menard shortly after his surgery but

1

stated that he has no control over transfer decisions and no current control over Grayson's care (Doc. 64). Dr. Myers also stated that on April 12, 2024, Grayson had a follow-up appointment with the surgeon, and there was no evidence that being housed at Menard would delay Grayson's healing or care (Doc. 64-1, p. 2).

Simply put, Grayson's motion to grant a medical hold (Doc. 40) is now moot. Grayson sought a medical hold preventing his transfer to another prison prior to his surgery. He also sought to stay at Pinckneyville Correctional Center until after his post-surgery recovery, at least one to two months after surgery, to allow for follow-up appointments with the surgeon (*Id.* at pp. 1-2). Grayson believed that if he was transferred after surgery, it would take longer to heal, and his post-surgery follow-up appointments would be delayed (*Id.* at p. 2). But before Dr. Myers filed a response to Grayson's motion, Grayson filed a second motion (Doc. 50), acknowledging that he had received shoulder surgery and was transferred to Menard shortly after the surgery in March 2024.

Although it is not clear from Grayson's second motion whether he sought to withdraw his original motion, Grayson's original motion is now moot because he has already transferred to Menard. Further, Grayson acknowledged that he was housed in the infirmary for his post-surgery healing and had a sling (*Id.* at p. 2). And medical records indicate that Grayson had his follow-up appointment with the surgeon. Thus, there does not appear to be any delay in his medical care caused by the transfer.

Grayson's second motion does complain about his access to legal materials and the law library at Menard. He states that he had to choose between staying in the infirmary with a sling or going to general population without his sling because slings are

not allowed in general population due to safety concerns. Grayson chose to stay in the infirmary. Although Grayson complains that this decision limits his access to legal materials, there is nothing currently pending in this case that would require his legal materials or access to the law library. The only deadline currently pending is Grayson's deadline to identify the Jane Doe Nurse and file a motion to substitute. That deadline is currently June 3, 2024, but Grayson can file a motion for extension of time if he needs more time to file his motion to substitute. Further, the medical records provided by Dr. Myers indicate that the surgeon discontinued Grayson's sling requirement at his appointment on April 12, 2024 (Doc. 64-1, p. 2). Thus, it appears that Grayson has been released from any previous limitations he initially experienced at Menard.

Accordingly, Grayson's motions regarding his medical hold (Docs. 40, 50) are **DENIED as moot**.

IT IS SO ORDERED.

DATED: May 17, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**